UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM HUDSON, individually,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware Corporation; DOES 1-50, Inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-01479-CAB-(KSC)<br><br>**ORDER ON MOTION TO REMAND AND MOTION TO AMEND**<br>**[Doc. Nos. 10, 11.]** |

This matter comes before the Court on Plaintiff Abraham Hudson's motion to remand [Doc. No. 11] and motion to amend [Doc. No. 10]. The motions have been fully briefed and the Court finds them suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, the motion to remand is denied and the motion to amend is granted.

### I.　　Background

On June 21, 2017, Plaintiff filed his original complaint in the Superior Court of the State of California against Bank of America Corporation ("BOA") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") (collectively Defendants") alleging

1

seven causes of action related to his employment by Defendants. [Doc. No. 1-1 at 2-23 ("complaint").] His factual allegations, accepted as true, are as follows.

Beginning in October 2015, numerous coworkers of Plaintiff's made defamatory statements about him and subjected him to a hostile work environment. [Complaint at ¶¶ 20, 21.] Plaintiff's supervisors, including Steve Kowalski, ignored the discrimination and harassment occurring or retaliated against him for complaining. [*Id.* at ¶¶ 28-32, 35.] Mr. Schoenle also retaliated against Plaintiff when he complained about the working conditions. [*Id.* at ¶¶ 42, 43, 45, 46.] After resigning from his position, Plaintiff became aware that a number of Defendant's employees had made defamatory statements about him to members of his community. [*Id.* at ¶¶ 53-55.]

Based on these allegations Plaintiff sued Defendants for breach of oral contract, unlawful discrimination based on race and religion, retaliation, failure to prevent discrimination, constructive discharge and defamation. [Doc. No. 1-1.] Plaintiff seeks general and punitive damages, attorneys' fees, and earnings losses. [Doc. No. 1-1 at 22.]

On July 21, 2017, Defendants removed this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1332(a), 1441(a) and 1446(b) [Doc. No. 1] and filed answers to the complaint on the same day [Doc. Nos. 2, 2.] On October 5, 2017, Plaintiff filed both his motion to amend [Doc. No. 10] to add Mr. Schoenle as a Defendant and motion to remand [Doc. No. 11] based on lack of complete diversity between the parties. Defendants filed their oppositions to the motions [Doc. Nos. 13, 14] and Plaintiff filed his replies [Doc. No. 15, 16]. In light of the relatedness of the motions, the Court will consider them together.

**II.    Discussion**

    **A. Motion to Amend**

Plaintiff seeks leave to amend his complaint to substitute Mr. Schoenle for Defendant Doe 1. [Doc. No. 10.] Defendants oppose Plaintiff's motion to amend arguing the filing does not comport to the Federal Rules of Civil Procedure and that amendment would be futile. [Doc. No. 13.]

Rule 15 (a) of the Federal Rule of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

The Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* Moreover, "once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added." *Sierra Club v. Penfold,* 857 F.2d 1307, 1315 (9th Cir. 1988). While futile amendments should not be permitted, an amendment "is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citations omitted).

While Plaintiff failed to comply with the Federal Rules filing requirement, he submitted a draft of the first amended complaint with his reply to the opposition to the motion for leave to amend. Doc. No. 15-1 at 4-25.] The Court has reviewed the proposed amended complaint and finds it substantially similar to the original complaint, it simply adds Mr. Schoenle as an individual defendant and inserts a paragraph which describes his alleged part in this suit. Moreover, Plaintiff asserts that the failure to comply with the rules

3

3:17-cv-01479-CAB-(KSC)

was simply the result of an oversight and his attorney attests that Defendants had been furnished with a copy of the amended complaint, on September 6, 2017, before leave to amend was sought on October 5, 2017. [Doc. No. 15-1 at ¶ 4]. Therefore, even though the requirements of the rules were not followed to the letter, the Court perceives no prejudice to Defendants in allowing an amendment.

Additionally, Defendants posit that Plaintiff is seeking to amend in an attempt to destroy diversity, yet they provided no evidence in support of this contention and Plaintiff denies the assertion. As a consequence, the Court is unwilling to conclude that Plaintiff is seeking amendment in bad fad faith. Further, Plaintiff has filed his motion to amend 3 ½ months after filing the original complaint, which weighs in favor of granting leave to amend. Similarly, considering the early stages of this litigation the Court sees no reason to expect that the amendment will unduly delay litigation. *See AmericSourceBergen Corp v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."). As to whether amendment would be futile, Defendants assert "the anticipated amendments would be futile as they are barred by the relevant statute of limitations and because Plaintiff failed to timely exhaust mandatory administrative remedies with state and federal agencies as to Mr. Schoenle." [Doc. No. 13 at 5.] But, at this early stage in the litigation, the Court cannot conclude that amendment of Plaintiff's complaint to add Mr. Schoenle as a defendant would be futile.

Accordingly, the Court **GRANTS** Plaintiff's motion [Doc. No. 10] for leave to file a first amended complaint.[1]

---

[1] The Amended Complaint filed by Plaintiff must comport with the redlined version attached as Exhibit 1 to Plaintiff's Reply to the motion for leave to file an amended complaint [Doc No. 15-1 at 4-25].

## B. Motion to Remand

Defendants removed this action from state court asserting that, at the time of removal, the parties were diverse in citizenship and the amount in controversy exceeds $75,000. [Doc. No. 1 at 3-7.] On the same date as filing his motion to amend Plaintiff filed his motion to remand, asserting that diversity of citizenship between the parties was destroyed as consequence of adding defendant Mr. Schoenle. [Doc. No. 11.] Defendants challenge the motion on the grounds that it was prematurely filed and that complete diversity between the parties remains. [Doc. No. 14.] Since the Court has granted Plaintiff leave to amend the complaint to add Defendant Schoenle, *see supra* section III.A, the Court shall determine if complete diversity still exists between the parties.

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). see also *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988) ("[R]emovability is generally determined as of the time of the petition for removal."). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Etheridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1998) (citation omitted). *See also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (the burden of establishing federal subject matter jurisdiction falls on the party invoking removal). 28 U.S.C. § 1447(c) specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### 1. Diversity of Citizenship

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceeds $75,000. *See* U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For diversity purposes a corporation "shall be deemed to be a citizen of every state and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C § 1332(c)(1). In *Hertz,* the Supreme

5

3:17-cv-01479-CAB-(KSC)

Court defined "principle place of business" as a corporation's nerve center, often regarded as its headquarters, or the place where "a corporation's officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). For diversity purposes a natural person must be a citizen of the United Sates and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kantor v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

Defendants assert that complete diversity of citizenship exists in that: 1) Plaintiff is domiciled in the state of California and is a California citizen; 2) BOA is a corporation incorporated under the laws of the state of Delaware with its principal place of business in Wilmington, Delaware; and 3) Merrill Lynch is a corporation incorporated in the state of Delaware with its principal place of business in New York, New York; 4) the citizenship of the fictitious Does is disregarded pursuant to 28 U.S.C. § 1441(b)(1). [Doc. No.1.] Further, Defendants allege, even if Mr. Schoenle is added as a defendant, complete diversity remains because he is a citizen of the state of Nevada. [Doc. No. 14.]

Pursuant to Civil Rule 40.2 and Federal Rule Civil Procedure 7.1, Defendants filed with this Court its Notice of Party with Financial Interest. [Doc. No. 4.] The Notice states that "Bank of America Corporation does not have a parent corporation and no publicly held company owns 10% or more of Bank of America Corporation shares." [Doc. No. 4 at ¶ 1.] Further, the Notice discloses that Merrill Lynch "is a wholly owned, direct subsidiary of BAC North America Holding Company, which is a wholly owned indirect subsidiary of Bank of America Corporation." [Doc. No. 4 at ¶ 2.] Further, Defendants have submitted true and correct copies of the California Secretary of State's Business Search – Entity Detail which identifies BOA's state of incorporation as Delaware and its headquarters as 1209 Orange St, Wilmington, DE, 19801 [Doc. No. 1-6] and Merrill Lynch's state of

incorporation as Delaware and its headquarters as One Bryant Park, New York, NY 10036 [Doc. No. 1-7].

As for Mr. Schoenle's citizenship, Defendants have submitted a declaration from Mr. Schoenle in which he attests that his state of domicile is Nevada and that his permanent home is located in Las Vegas, Nevada. [Doc. No. 14-2 at ¶ 2.] Further, Mr. Schoenle declares that he has lived in the home since February 2017, and intends to maintain this residence as his "permanent home indefinitely." [*Id.*]

The Court accepts as true, and Plaintiff does not dispute, Defendants' certification that BOA is a citizen of Delaware and that Merrill Lynch is a citizen of both Delaware and New York. However, Plaintiff contends Mr. Schoenle's declaration is insufficient to establish that he is domiciled in Nevada for the purposes of a diversity jurisdiction analysis. [Doc. No. 16.] The Court disagrees and accepts as true, Mr. Schoenle's attestation that he made under penalty of perjury. As a consequence, the Court finds that for diversity purposes he is a citizen of the state of Nevada. [Doc. No. 14-2 at ¶ 2.] Plaintiff was, and still is, a resident of the state of California. [Doc. No. 1-1 at ¶ 1]. Accordingly, the Court finds that complete diversity of citizenship existed between the parties at the time of removal and continues to exist after the amendment of the complaint.

## 2. Amount in Controversy

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91. Requests for attorneys' fees may be taken into account when determining the amount in controversy if the underlying statute authorizes such fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56) (9th Cir. 1998).

7

3:17-cv-01479-CAB-(KSC)

Here, Plaintiff does not allege a specific dollar amount within the complaint. Defendants' argue that the requisite amount in controversy is satisfied because Plaintiff seeks lost wages, lost bonuses, loss of other benefits, and requests other prospective damages along with attorneys' fees. [Doc. No. 1.] According to Defendants' calculations Plaintiff may be entitled to: 1) an award of past lost earnings, in an amount in excess of $54,155.83 (thirteen months at $4,165/83 per month); 2) a front pay award of one to three years, totaling anywhere from $49,900.00 to $149,700.00; 3) an unspecified amount in damages for emotional distress; statutory attorneys' fees; and 4) punitive damages in an unspecified amount. [*Id.* at 6-7.] Plaintiff disputes the amount in controversy is more than $75,000, by summarily stating "there is insufficient evidence to show that damages will exceed $75,000.00" [Doc. No. 11 at 4:7-8], but provides no information to contradict the calculations submitted by Defendants. Without even factoring in the emotional distress claim and attorneys' fees, Defendants' estimate of Plaintiff's claim easily exceeds the $75,000.00 threshold. Accordingly, the Court finds that the amount in controversy requirement is satisfied.

In light of the above, the Court **DENIES** Plaintiff's motion to remand [Doc. No. 11].

### III. Conclusion

For the reasons explained above, the Court ORDERS as follows:

1. Plaintiff's motion for leave to file a first amended complaint [Doc. No. 10] is **GRANTED**. Plaintiff has up to and including **November 22, 2017,** to file the First Amended Complaint. Defendants shall respond to Plaintiff's amended complaint within the limits established by the Federal Rules of Civil Procedure; and

2. Plaintiff's motion to remand [Doc. No. 11] is **DENIED**.

It is **SO ORDERED**.

Dated: November 14, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge