1  Janice P. Brown, Esq. (SBN 114433)
   brown@brownlawgroup.com
2  Noah J. Woods, Esq. (SBN 264823)
   woods@brownlawgroup.com
3  BROWN LAW GROUP
   600 B Street, Suite 1650
4  San Diego, CA 92101
   Telephone: 619.330.1700
5  Facsimile:  619.330.1701

6  Attorneys for BANK OF AMERICA CORPORATION;
   MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED;
7  BRIAN SCHOENLE, and STEVE KOWALSKI

8

9             UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12  ABRAHAM HUDSON, individually,    )   Case No. 17-cv-001479-CAB (KSC)
                                      )
13              Plaintiff,            )   **DEFENDANTS' MEMORANDUM**
                                      )   **OF POINTS AND AUTHORITIES**
14  v.                                )   **IN SUPPORT OF DEFENDANTS'**
                                      )   **JOINT MOTION TO DISMISS**
15  BANK OF AMERICA                   )   **PLAINTIFF'S FIRST AMENDED**
    CORPORATION, a Delaware           )   **COMPLAINT**
16  Corporation; MERRILL LYNCH,       )
    PIERCE, FENNER & SMITH            )   Hearing Date: February 9, 2018
17  INCORPORATED, a Delaware          )
    Corporation; DOES 1-50, Inclusive, )  PER CHAMBERS RULES,
18                                     )   NO ORAL ARGUMENT UNLESS
              Defendants.             )   SEPARATELY ORDERED BY THE
19                                     )   COURT.
                                      )
20                                     )   The Hon. Cathy Ann Bencivengo
                                      )   Dept. 4C
21  _____ )

22

23

24

25

26

27

28

1

TABLE OF CONTENTS

2  I.   INTRODUCTION & RELEVANT ALLEGATIONS IN FAC ........................1

3  II.  LEGAL ARGUMENT ................................................................................4

4       A.   Standard for a Motion to Dismiss ................................................4

5       B.   Plaintiff Fails to State a Claim as to His First Claim for

6            Relief for Breach of Contract against Individual Defendants.................5

7            1.   Plaintiff Fails to State a Claim Because Schoenle and

8                 Kowalski Cannot Be Individually Liable for the Alleged

9                 Contract Between Plaintiff and the Bank...........................5

10           2.   Plaintiff Fails to State a Claim Because He Fails to

11                Identify the Provisions of the Contract Breached ........................6

12      C.   Plaintiff Fails to State a Claim as to His Second and Third

13           Claims for Relief for Unlawful Discrimination Based on

14           Race and Religion against Individual Defendants.....................................7

15           1.   Plaintiff Fails to State a Claim Because Supervisors

16                such as Schoenle and Kowalski Cannot Be Held Personally

17                Liable for claims of Discrimination Under FEHA ........................7

18           2.   Plaintiff's Second and Third Claims Fail Because

19                Plaintiff Failed to Exhaust Mandatory Administrative

20                Remedies as to the Individual Defendants before Filing

21                his Complaint .........................................................................8

22      D.   Plaintiff Fails to State a Claim as to His Fourth Claim for

23           Retaliation under the FEHA against Individual Defendants.................9

24      E.   Plaintiff Fails to State a Claim as to His Fifth Claim for

25           Failure to Prevent Unlawful Discrimination against

26           Individual Defendants...........................................................................10

27

28

*Abraham Hudson v. Bank of America Corporation, et.al.*                    17-cv-001479 CAB (KSC)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

F.      Plaintiff Fails to State a Claim as to His Sixth Claim for
        Constructive Discharge in Violation of Public Policy against
        Individual Defendants .................................................................................11

G.      Plaintiff Fails to State a Claim as to His Seventh Claim for
        Defamation against Individual Defendants .................................................11

III.    CONCLUSION ...............................................................................................13

-ii-

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Ashcroft v. Iqbal*

4

(2009) 556 U.S. 662............................................................................4, 5, 13

5

*Balistreri v. Pacifica Police Dep't*

6

(9th Cir. 1990) 901 F.2d 696 ...................................................................4

7

*Bell Atlantic Corp. v. Twombly*

8

(2007) 550 U.S. 544.................................................................................4

9

*Clemens v. American Warranty Corp.*

10

(1987) 193 Cal.App.3d 444 ......................................................................5

11

*Crowe v. Cty. of San Diego*

12

(9th Cir. 2010) 608 F.3d 406 ...................................................................12

13

*Daniels-Hall v. Nat'l Educ. Ass'n*

14

(9th Cir. 2010) 629 F.3d 992 ....................................................................4

15

*Gorman v. Wolpoff & Abramson, LLP*

16

(9th Cir. 2009) 584 F.3d 1147 .................................................................12

17

*Guz v. Bechtel Natl., Inc.*

18

|(2000) 24 Cal.4th 317 ..............................................................................7

19

*Jacobson v. Schwarzenegger*

20

(C.D. Cal. 2004) 357 F. Supp. 2d 1198..................................................12

21

*Jones v. Lodge at Torrey Pines Partnership*

22

(2008) 42 Cal.4th 1158 .............................................................................9

23

*Khajavi v. Feather River Anesthesia Med. Group*

24

(2000) 84 Cal.App.4th 32 .......................................................................11

25

*Manzarek v. St. Paul Fire & Marine Ins. Co.*

26

(9th Cir. 2008) 519 F.3d 1025 ..................................................................4

27

*McCaskey v. California State Auto Ass'n*

28

-iii-

(2011) 189 Cal.App.4th 947 ...................................................................9

*Moss v. U.S. Secret Serv.*

(9th Cir. 2009) 572 F.3d 962 ..............................................................4

*Navarro v. Block*

(9th Cir. 2001) 250 F.3d 729 ..............................................................4

*Okun v. Superior Court*

(1981) 29 Cal. 3d 442 ......................................................................12

*Reno v. Baird*

(1998) 18 Cal.4th 640 .........................................................................7

*Kahn v. Bower*

(1991) 232 Cal. App. 3d 1599 .........................................................12

*Shoemaker v. Myers*

(1990) 52 Cal.3d 1 ..............................................................................6

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*

(N.D. Cal. 1997) 983 F. Supp. 1303................................................13

*Spinks v. Equity Residential Briarwood Apartments*

(2009) 171 Cal. App. 4th 1004 ...........................................................5

*Taus v. Loftus*

(2007) 40 Cal. 4th 683 .....................................................................12

*Trujillo v. North County Transit Dist.*

(1998) 63 Cal.App.4th 280 ..............................................................10

*United Computer Systems, Inc. v. AT & T Corp.*

(2002) 298 F.3d 756 ...........................................................................5

*Young v. Facebook, Inc.*

(N.D. Cal. 2011) 790 F. Supp. 2d 1110............................................6

*Yurick v. Sup. Ct*

(1989) 209 Cal.App.3d 1116 ..............................................................8

-iv-

**Statutes**

California Civil Code § 44 ......................................................................................12

California Civil Code § 45 ......................................................................................12

California Civil Code § 46 ......................................................................................12

California Gov. Code, § 12960(b) ...........................................................................8

California Govt. Code § 12940 ................................................................ 7, 8, 9, 10

California Govt. Code § 12960 ............................................................................8, 9

Fed. R. Civ. P 12(b)(6).........................................................................................4, 8

Fed. R. Civ. P. 8(a)(2).............................................................................................4

**Other Authorities**

*Dunkel v. eBay Inc.*, (N.D. Cal. Mar. 19, 2014) 2014 WL 1117886, at *3-4............6

1   Defendants Steve Kowalski and Brian Schoenle (collectively sometimes
2   referred to herein as "Individual Defendants") hereby move to dismiss all causes of
3   action against them in Plaintiff Abraham Hudson's ("Plaintiff") First Amended
4   Complaint ("FAC," Doc. No. 18).

5   # I.   INTRODUCTION & RELEVANT ALLEGATIONS IN FAC

6   In September 2015, Plaintiff Abraham Hudson ("Plaintiff") was hired by
7   Bank of America Corporation and Merrill Lynch, Pierce, Fenner & Smith, Inc.'s
8   (collectively, the "Bank") as a trainee in the Bank's Practice Development
9   Management (PMD) program, an intensive 43-month program for persons
10  interested in becoming a financial advisor.[1]  (FAC ¶¶ 12-13). At all times during
11  his employment, Plaintiff was assigned to a branch located at 7825 Fay Avenue in
12  La Jolla, California. (FAC ¶10).

13  Plaintiff alleges that shortly after he commenced his employment, he was
14  subjected to a hostile work environment by two other Bank employees enrolled in
15  the PMD program, Arun Rajaram and John Stevo. (FAC ¶¶ 15-24). Plaintiff
16  alleges that in November 2015, he reported this behavior to his supervisor,
17  Defendant Steve Kowalski ("Kowalski"), who was then the Resident Director of
18  the La Jolla branch. (FAC ¶25). Plaintiff alleges that he was not satisfied with the
19  way Kowalski handled his complaint, and that subsequently, Kowalski began to
20  retaliate against and harass Plaintiff. (FAC ¶¶ 26-28).

21  On or about March 4, 2016, Plaintiff learned that Kowalski was being
22  transferred to another branch located in South Florida. (FAC ¶43). On March 14,
23  2016, Defendant Brian Schoenle ("Schoenle") was named Interim Resident
24  Director of the La Jolla Branch and assumed Kowalski's supervisory

---

[1] Several of the statements contained herein are based on factual allegations contained in Plaintiff's FAC. By including such allegations in this Motion, Defendants do not concede that they are true or accurate and expressly reserve the right to dispute such factual allegations at a later date.

responsibilities. (FAC ¶¶ 44, 52). Thereafter, Plaintiff alleges that Schoenle began to engage in harassing and retaliatory behavior towards him. (FAC ¶¶ 45-51).

On or about June 1, 2016, James Roeske was named new Resident Director of the La Jolla office, replacing Schoenle. (FAC ¶53). Two days later, on June 3, 2016, Plaintiff submitted a letter of resignation. (FAC ¶54). In his resignation letter, Plaintiff offered two weeks' notice, but was told by the Bank to leave that day. (FAC ¶54).

Plaintiff alleges that after he left his employment on June 3, 2016, other persons in the La Jolla community unaffiliated with any of the defendants in this action began asking him "odd questions," such as questions about his youth, his religion, and his sexuality. (FAC ¶¶54-58). Plaintiff extrapolates that these "odd questions" derived from statements made by unnamed members of the Bank, but fails to explain the basis for this belief, or identify what specific Bank employees he believes made the comments upon which these odd questions by members of the La Jolla community were derived. (FAC ¶¶ 56, 59).

On or about January 9, 2017, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against the Bank. (FAC ¶ 64). On January 9, 2017, Plaintiff received a right to sue letter from the Department of Fair Employment and Housing("DFEH"). (FAC ¶ 64).

On June 21, 2017, Plaintiff filed a civil complaint in San Diego Superior Court against the Bank, which matter was subsequently removed to federal court based on diversity jurisdiction. (Doc. No. 1-1). On November 22, 2017, Plaintiff filed his FAC, which adds Kowalski and Schoenle as new defendants. (FAC ¶¶ 2-3).

Plaintiff's FAC alleges seven claims, as follows: (1) breach of oral contract; (2) unlawful discrimination based on race; (3) unlawful discrimination based on religion; (4) retaliation; (5) failure o prevent unlawful discrimination; (6)

-2-

constructive discharge in violation of public policy; and (7) defamation. (*See,* FAC, generally). The FAC alleges each of the seven claims against "All Defendants."[2]

As discussed in greater detail below, Plaintiff's FAC should be dismissed in its entirety (as to the Individual Defendants) because Plaintiff has failed to state a claim for relief as to any of the seven claims in his FAC. By Plaintiff's own admissions, the Individual Defendants were not his employer, and therefore cannot be held individually liable for Plaintiff's first through sixth claims. Moreover, as to Plaintiff's second and third claims, even if the law did allow for individual liability against the Individual Defendants, Plaintiff has failed to state a claim because he failed to exhaust mandatory administrative remedies as to the Individual Defendants before bringing such claims against them in a court of law. Finally, Plaintiff's seventh claim for defamation against the Individual Defendants fails to state a claim because such claim fails to set forth sufficient factual information to satisfy federal pleading requirements.

Accordingly, the Individual Defendants respectfully request that this Court sustain their Motion to Dismiss as to all claims against them without leave to

--------------------------------

[2] Paragraph 7 of Plaintiff's complaint defined "Defendants" as "BOFA, MERRILL LYNCH, and DOES 1 THROUGH 50," but did not include either Schoenle or Kowalski. (FAC ¶ 7). Thereafter in the FAC, Plaintiff alleges each of his claims against "All Defendants." Accordingly, it is unclear from Plaintiff's FAC what causes of action, if any, are being alleged against the Individual Defendants. On December 20, 2017, Individual Defendant's counsel wrote Plaintiff's counsel in an effort to determine which of the seven claims Plaintiff sought to bring against Schoenle and Kowalski. (Woods Decl., ¶2, Exhibit ("Ex.") 1). (*Id.*) Individual Defendants' counsel also noted that Schoenle and Kowalski could not be held individually liable as to several of Plaintiff's claims (as discussed herein) and requested a response. To date, Plaintiff's counsel has not provided any clarification. (*Id.*).

-3-

1  amend, absent Plaintiff demonstrating (which he cannot) that the amended pleading
2  would not be futile and subject to dismissal for the same reasons herein.

3  ## II.    LEGAL ARGUMENT

4  ### A.    Standard for a Motion to Dismiss

5  A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal
6  sufficiency of a claim for relief. (Fed. R. Civ. P 12(b)(6); *see also Navarro v.*
7  *Block*, (9th Cir. 2001) 250 F.3d 729, 732). A complaint may be dismissed as a
8  matter of law for failure to state a claim for two reasons: (1) lack of a cognizable
9  legal theory; or (2) insufficient facts under a cognizable legal theory. (*Balistreri v.*
10  *Pacifica Police Dep't*, (9th Cir. 1990) 901 F.2d 696, 699).

11  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must
12  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
13  plausible on its face.'" (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678 [quoting *Bell*
14  *Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 570]). Thus, the Court "accept[s]
15  factual allegations in the complaint as true and construe[s] the pleadings in the light
16  most favorable to the nonmoving party." (*Manzarek v. St. Paul Fire & Marine Ins.*
17  *Co.*, (9th Cir. 2008) 519 F.3d 1025, 1031). On the other hand, the Court is "not
18  bound to accept as true a legal conclusion couched as a factual allegation." (*Iqbal*,
19  556 U.S. at 678 (quoting *Twombl*y, 550 U.S. at 555). Nor is the Court "required to
20  accept as true allegations that contradict exhibits attached to the Complaint or ...
21  allegations that are merely conclusory, unwarranted deductions of fact, or
22  unreasonable inferences." (*Daniels-Hall v. Nat'l Educ. Ass'n*, (9th Cir. 2010) 629
23  F.3d 992, 998). "In sum, for a complaint to survive a motion to dismiss, the non-
24  conclusory factual content, and reasonable inferences from that content, must be
25  plausibly suggestive of a claim entitling the plaintiff to relief." (*Moss v. U.S. Secret*
26  *Serv.*, (9th Cir. 2009) 572 F.3d 962, 969 [quotation marks omitted]).

27  Under Rule 8, a pleading must contain a "short and plain statement of the
28  claim showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a)(2)).

-4-

Although Rule 8 does not require "detailed factual allegations," it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. (*Ashcroft*, 556 U.S. at 677-78). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (*Id*. at 678). Naked assertions devoid of "further factual enhancement" are insufficient. (*Id*.) Conclusory statements (unlike proper factual allegations) are not entitled to a presumption of truth. (*Id. at 664*). Presuming the truth of any "well-pleaded factual allegations," one can determine whether the factual allegations and reasonable inferences from them plausibly support a claim for relief. (*Id*.)

## B. Plaintiff Fails to State a Claim as to His First Claim for Relief for Breach of Contract against Individual Defendants

The elements of breach of contract are (1) the existence of a contract; (2) Plaintiff's performance or excuse for failure to perform; (3) Defendant's breach; and (4) damages to Plaintiff resulting therein. (*Spinks v. Equity Residential Briarwood Apartments,* (2009) 171 Cal. App. 4th 1004, 1031).

Plaintiff alleges that at the time of his hiring (in September 2015) he and defendants entered into an oral employment agreement whereby he would be entered into the 43-month PMD program and would be instructed and trained by Bank staff on how to be an effective financial advisor. (FAC ¶ 66). Plaintiff alleges that defendants breached this oral agreement by failing to follow through on the above promises. (FAC ¶¶ 69-70).

### 1. Plaintiff Fails to State a Claim Because Schoenle and Kowalski Cannot Be Individually Liable for the Alleged Contract Between Plaintiff and the Bank

Under California law, "only a signatory to a contract may be liable for any breach." *United Computer Systems, Inc. v. AT & T Corp.*, (2002) 298 F.3d 756, 761 (9th Cir. 2002 [citing *Clemens v. American Warranty Corp.*, (1987) 193 Cal.App.3d 444, 452, 238]).

-5-

1  Here, Plaintiff does not specifically allege that either Schoenle or Kowalski
2  was a party to the contract. In fact, Plaintiff admits that at all times during his
3  employment, his employer was the Bank. Moreover, even if Schoenle or Kowalski
4  played some role in the actions which led to the alleged breach of the alleged oral
5  contract, it is well established that "employees acting for and on behalf of a
6  corporation cannot be held liable for inducing a breach of the corporation's
7  contract." (*Shoemaker v. Myers*, (1990) 52 Cal.3d 1, 25, 276). Accordingly,
8  Plaintiff cannot maintain a breach of contract claim against the Individual
9  Defendants in their individual capacities and Plaintiff's breach of contract claim
10 against them therefore fails to state a claim upon which relief can be granted.

## 2. Plaintiff Fails to State a Claim Because He Fails to Identify the Provisions of the Contract Breached

13  Even if California law permitted a supervisor to be liable for breaching the
14 Bank's alleged oral contract with Plaintiff (which it does not), Plaintiff claim still
15 fails because he has failed to allege the specific contract terms that were breached,
16 and fails to identify the specific parties to the alleged oral contract. To successfully
17 plead a breach of contract claim, Plaintiff must plead more than that a contract was
18 breached; she must "allege the specific provisions in the contract creating the
19 obligation that defendant is said to have breached." (*Young v. Facebook, Inc*.,
20 (N.D. Cal. 2011) 790 F. Supp. 2d 1110, 1117). Failure to link the alleged breaches
21 of contract to any specific provision of the contract is grounds to dismiss the claim.
22 (*Dunkel v. eBay Inc.*, (N.D. Cal. Mar. 19, 2014) 2014 WL 1117886, at *3-4).

23  Here, Plaintiff's FAC failed to provide specifics relating to his breach of oral
24 contract claim, leaving the Individual Defendants to speculate as to when the
25 alleged oral contract was made, who made the oral statements that created the oral
26 contract, the essential terms of the oral contract, and who the parties to the oral
27 contract were. Thus, for the reasons stated herein, this claim must be dismissed.
28 / / /

-6-

**C.**     **Plaintiff Fails to State a Claim as to His Second and Third Claims for Relief for Unlawful Discrimination Based on Race and Religion against Individual Defendants**

Plaintiff's second and third claims for relief allege that during his employment, defendants discriminated against him based on his race/national origin (unidentified in FAC) and religion (Christian) in violation of section 12940 of the Fair Employment and Housing Act ("FEHA"). (FAC ¶¶ 74, 83).

In order to make out a prima facie case of discrimination, "the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." (*Guz v. Bechtel Natl., Inc.* (2000) 24 Cal.4th 317, 334355).

**1.**     **Plaintiff Fails to State a Claim Because Supervisors such as Schoenle and Kowalski Cannot Be Held Personally Liable for claims of Discrimination Under FEHA**

Under well-established California law, supervisors such as Schoenle and Kowalski cannot be held personally liable for alleged FEHA discrimination. (See *Reno v. Baird* (1998) 18 Cal.4th 640, 645 [holding that an aggrieved individual has no FEHA claim against individual supervisors or coworkers for alleged discrimination]).

As noted above, Plaintiff's FAC alleges that Schoenle and Kowalski were supervisors at various points during his employment with the Bank. (FAC ¶¶ 44, 52). Therefore, they cannot be held personally liable for Plaintiff's claims of FEHA discrimination and, accordingly, Plaintiff's second and third claims fails to state a claim upon which relief can be granted.

/ / /

/ / /

-7-

1

2.     **Plaintiff's Second and Third Claims Fail Because Plaintiff**
2
**Failed to Exhaust Mandatory Administrative Remedies as**
3
**to the Individual Defendants before Filing his Complaint**

4          Even in the event the Individual Defendants could be held personally liable

5   for Plaintiff's second and third claims for discrimination (which they cannot),

6   Plaintiff's claims against them still fail because Plaintiff failed to exhaust

7   mandatory administrative remedies, which are a prerequisite to bringing a

8   discrimination claim under the FEHA in a court of law.

9          Before bringing a civil action under the FEHA, a plaintiff must file a timely

10  and sufficient administrative complaint with the DFEH before filing suit for an

11  unlawful employment practice. (Cal. Gov. Code, § 12960(b)). The administrative

12  complaint must be filed "within one year from the date of the alleged unlawful

13  practice, [and] must state the name and address of the person, employer, labor

14  organization or employment agency alleged to have committed the unlawful

15  practice complained of." (*Yurick v. Sup. Ct.* (1989) 209 Cal.App.3d 1116, 1120;

16  Cal. Govt. Code § 12940) (emphasis added).

17         A review of Plaintiff's Complaint filed jointly with the EEOC and the DFEH

18  makes clear that Plaintiff failed to identify either Schoenle or Kowalski as persons

19  whom he alleges committed unlawful discrimination.[3] (Woods Decl. ¶ 3, Ex. 2).

20

21

22  [3] Plaintiff alleges in his FAC that he filed an administrative complaint with the
23  EEOC and received a right to sue letter on January 9, 2017. (FAC ¶ 64). The FAC
    goes on to indicate that copies of both are attached to the FAC as "Exhibit A." (*Id.*)
24  However, neither document was attached to the FAC. In situations such as
    here, where a plaintiff refers to a document in a complaint but fails to attach it, a
25  defendant may attach such document to a Rule 12(b)(6) to show that it does not
26  support a plaintiff's claim. (*See Branch v. Tunnell* (9th Cir. 1994) 14 F3d 449, 454).
    This "incorporation by reference" doctrine allows the court to look beyond the
27  pleadings without converting the 12(b)(6) motion into a motion for summary
28  judgment. (*Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076-1077).

-8-

1  Moreover, based on the fact it has now been more than one year since Plaintiff's
2  employment with the Bank ended, there is no possibility that this omission can be
3  cured by the subsequent filing of an administrative complaint because the statutory
4  time for doing so has long since passed. (*McCaskey v. California State Auto Ass'n*
5  (2011) 189 Cal.App.4th 947, 975 [holding that "no complaint may be filed with the
6  Department after the expiration of the one year from the date upon which the
7  unlawful practice occurred]; *see also* Cal. Govt. Code § 12960).

8      Accordingly, because Plaintiff failed to properly exhaust his mandatory
9  administrative remedies as to the Individual Defendants, and because any attempt
10  to do so now would be futile, Plaintiff's second and third claims fail to state a
11  claim upon which relief should be granted and therefore should be dismissed.

12      **D.    Plaintiff Fails to State a Claim as to His Fourth Claim for**
13              **Retaliation under the FEHA against Individual Defendants**

14      Plaintiff's fourth claim for relief alleges that during his employment,
15  Defendants retaliated against him for complaining about unlawful discrimination in
16  violation of section 12940(h) of the FEHA). (FAC ¶ 91).

17      Plaintiff's fourth claim for relief fails for the same two reasons that
18  Plaintiff's second and third claims fail:

19      First, much like claims for FEHA discrimination, supervisors and coworkers
20  such as Schoenle and Kowalski cannot be held personally liable for their roles in
21  alleged retaliation under the FEHA. (*See, e.g. Jones v. Lodge at Torrey Pines
22  Partnership* (2008) 42 Cal.4th 1158, 1173).

23      Second, even if supervisors could be individually liable for claims of FEHA
24  retaliation (which they cannot), Plaintiff failed to exhaust his mandatory
25  administrative remedies as to Schoenle and Kowalski because he failed to identify
26  them as respondents in his EEOC Complaint filed on January 9, 2017. (*See* Woods
27  Decl., ¶ 3, Ex. 2). Additionally, now that more than one year has elapsed since his
28

-9-

employment ended, any attempt to amend his EEOC complaint to name Schoenle or Kowalski would be futile.

Accordingly, for the above reasons, Plaintiff fourth claim fail to state a claim upon which relief should be granted as to Schoenle and Kowalski and therefore should be dismissed as to them.

### E.    Plaintiff Fails to State a Claim as to His Fifth Claim for Failure to Prevent Unlawful Discrimination against Individual Defendants

Plaintiff's fifth claim for relief alleges that Defendants failed to exercise reasonable care to prevent unlawful discrimination in the workplace as required by Section 12940(k) of the FEHA. (FAC ¶ 101). Specifically, Section 12940(k) makes it an unlawful employment practice "[f]or an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." (Cal. Govt. Code § 12940(k)).

Much like claims of workplace discrimination under Section 12940(a), Section 12940(k) specifically excludes from its coverage any liability for individual supervisors or co-workers. Accordingly, Plaintiff's fifth claim for failure to prevent harassment as to the Individual Defendants fails to state a claim because they cannot be held personally liable under the Section.

Moreover, under well established California law, no action may lie for failure to prevent discrimination under Section 12940(k) where a plaintiff cannot state a claim for the underlying discrimination. (*Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 284). Stated another way, a statutory claim for failure to prevent discrimination is derivative and contingent on a finding that discrimination occurred. Therefore, such derivative claim rises and falls on the strength of the underlying claim. Here, because the Individual Defendants cannot be held personally liable for Plaintiff's discrimination claim, they likewise may not

-10-

1 | be held personally liable under his derivative claim for failure to prevent
2 | discrimination.

3 | Accordingly, for the above reasons, Plaintiff's fifth claim fails to state a
4 | claim for relief as to the Individual Defendants and therefore such claim should be
5 | dismissed as to them.

6 | **F.** **Plaintiff Fails to State a Claim as to His Sixth Claim for**
7 | **Constructive Discharge in Violation of Public Policy against**
8 | **Individual Defendants**

9 | Plaintiff's fifth claim for relief alleges that though he submitted a voluntary
10 | resignation in June 2016, said voluntary resignation was converted into a
11 | constructive discharge in violation of public policy claim due to the intolerable
12 | conditions upon which he was made to suffer. (FAC ¶¶ 107-108).

13 | Much like Plaintiff's second through fifth claims for relief, Plaintiff's
14 | constructive discharge claim likewise fails because individual supervisors cannot
15 | be held personally liable for claims of wrongful discharge in violation of public
16 | policy (also commonly referred to as a "Tameny" claim). (*See, e.g. Khajavi v.*
17 | *Feather River Anesthesia Med. Group* (2000) 84 Cal.App.4th 32, 53 [holding that
18 | "[a]s a matter of law, only an employer can be liable for the tort of wrongful
19 | discharge in violation of public policy."]).

20 | Accordingly, for the above reasons, Plaintiff's sixth claim fails to state a
21 | claim for relief as to the Individual Defendants and therefore such claims should be
22 | dismissed as to them.

23 | **G.** **Plaintiff Fails to State a Claim as to His Seventh Claim for**
24 | **Defamation against Individual Defendants**

25 | Plaintiff's seventh, and final, claim for relief alleges that Defendants made
26 | false and defamatory statement about him, including statements about his
27 | sexuality, religion, national origin, and his job performance. (FAC ¶112).

28 |

-11-

The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." (*Taus v. Loftus*, (2007) 40 Cal. 4th 683, 720 [internal citations omitted]).  California Civil Code § 44 defines "defamation" as either libel or slander. (*Crowe v. Cty. of San Diego*, (9th Cir. 2010) 608 F.3d 406, 442. California Civil Code § 45 defines libel and provides:

> Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

(Cal. Civ. Code. § 45; *Gorman v. Wolpoff & Abramson, LLP*, (9th Cir. 2009) 584 F.3d 1147, 1168).

California Civil Code § 46 defines slander and provides:

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
> ...
> Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits.

(Cal. Civ. Code § 46 (3); *Crowe*, 608 F.3d at 442).

Under California law, although a plaintiff need not plead the allegedly libelous or slanderous statement verbatim, the statement must be specifically identified, and the plaintiff must plead the substance of the statement. (*See Kahn v. Bower*, (1991) 232 Cal. App. 3d 1599, 1612 n.5 ["[g]enerally, words constituting libel must be specifically identified, if not pleaded verbatim, in complaint."]); *Okun v. Superior Court*, (1981) 29 Cal. 3d 442, 458 ["slander can be charged by alleging the substance of the defamatory statement."]).

Even under liberal federal pleading standards, "general allegations of the defamatory statements" that do not identify the substance of what was said are insufficient. (*Jacobson v. Schwarzenegger*, (C.D. Cal. 2004) 357 F. Supp. 2d 1198,

-12-

1216; *see also Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, (N.D. Cal. 1997) 983 F. Supp. 1303, 1314 (dismissing complaint containing "only general allegations of the defamatory statements [without] identify[ing] the substance of what was stated by the [d]efendants.").

Here, the FAC fails to identify the statements that Plaintiff alleges were false, whether any of those false statements were made by Schoenle or Kowalski, or when the alleged false statements occurred. Plaintiff also fails to allege any facts to support a finding that any such statement was defamatory and published to any third party. As a result, the FAC fails to provide any notice as to the basis for the claim, and thus fails to state a claim. (*See Iqbal*, 556 U.S. at 677 [holding, to state claim for relief, "complaint must contain sufficient factual material."]).

For the foregoing reasons, Plaintiff's seventh claim fails to state a claim for relief as to the Individual Defendants and therefore such claim should be dismissed as to them.

## III.   CONCLUSION

For the reasons discussed herein, the Defendants Schoenle and Kowalski respectfully requests that the Court grant their Motion and dismiss Plaintiff's FAC in its entirety as to them as individually named defendants.

DATED:  January 5, 2018

                                              **BROWN LAW GROUP**

                                              */s/ Noah J. Woods*
                                              _____
                                              Noah J. Woods, Esq.
                                              Janice P. Brown, Esq.
                                              Attorneys for Defendants

-13-